Taylor & Co. vs. Hughes.

F. C. TAYLOR & Co., plaintiffs in error, vs. JAMES M. HUGHES, defendant in error.

Notice is given by an insolvent debtor to his creditors, that he will apply at the next Term of the Superior Court for an order, appointing a time to hear his application for a discharge. At the Court, he moves to take the oath, the creditor by his counsel being present, making no complaint that he is surprised by the form of the notice, and on that account asking for time to show cause against the motion.

*Held*, That the law has been substantially complied with. And further, that our insolvent laws are to be liberally construed in favor of liberty.

Discharge under Honest Debtors' Act. Decision by Judge BULL, at May Term, 1858, of Muscogee Superior Court.

James M. Hughes applied at this Term of the Court to take the benefit of the Act for the relief of honest debtors. Among the creditors to whom he alleged he gave notice, under the provisions of said Act, were F. C. Taylor & Co.

When the case was called, and a motion made to admit Hughes to take the benefit of said Act, F. C. Taylor & Co. objected, until Hughes should prove that due notice had been given to them of said application.

Whereupon, Lemuel T. Downing, Esq., was called to the stand, who testified that he, as attorney for F. C. Taylor & Co. had received no notice of said application, other than the following, which he read:

"GEORGIA, MUSCOGEE COUNTY,

To Lemuel T. Downing, attorney at law for F. C. Taylor & Co., one of my creditors.

You are hereby notified that I will apply to the honorable Judge of the Superior Court for said county, on the second Monday in May next, to make a rule or order, and assign a day in said rule or order, that I may be brought before said Court, for the purpose of taking the oath prescribed for insolvent debtors, and to be discharged. April 2d, 1858.

(Signed)                              JAMES M. HUGHES."

The applicant then renewed his motion to take the oath and be discharged. To which motion Taylor & Co. objected, upon the ground that they had not been served with such a notice as the Act of 1823 required, (no objection was made to the mode of service,) and that they should be discharged as parties to said proceeding. Which motion the Court refused, holding that the notice was sufficient to make Taylor & Co. parties, and counsel for Taylor & Co. excepted.

The names of F. C. Taylor & Co. were then, by order of the Court, inserted in the record of the cause, among other creditors, as having been duly notified of said application, and Taylor & Co. excepted.

And thereupon said Hughes, (Taylor & Co. objecting,) was allowed by the Court to take the oath and be discharged, as provided by Act of 1823. To which also counsel for Taylor & Co. excepted; and thereupon tendered their bill of exceptions, assigning as error the foregoing decision and orders.

L. T. DOWNING, for plaintiff in error.

RAMSAY & CARITHERS, *contra.*

*By the Court.*—LUMPKIN J. delivering the opinion.

The complaint in this case is, that the debtor gave notice, in terms of the Acts of 1801 and 1809, that he would apply to the Court, at its next Term, for an order appointing a time to hear the application of the insolvent for his discharge; and that consequently, he was not entitled to move *instanter* to take the oath, under the Act of 1823.

When the case was reached, and called in its order, the debtor moved to be admitted to take the benefit of the Honest Debtors' Act. The creditor had received ample notice, and was present by his counsel in Court. He did not ask for time, or the appointment of a future day, to file objections to the application. If he had, and stated that he was sur-

prised by the form of the notice, and by reason thereof was not prepared to contest the motion, or show cause against it, time no doubt would have been allowed for that purpose.

The law, we think, has been substantially complied with. And the insolvent debtors Acts should be liberally construed in favor of liberty.

Judgment affirmed.